## State *v.* Joseph Colwell.

Where the language of one section of a statute was, " If any person shall at any time sell, or suffer to be sold by any person, any ale, wine, rum or other strong or malt liquors, or any mixed liquors, a part of which is ale, wine, or other strong or malt liquors, he shall be sentenced," &c. *Held,* (on motion in arrest of judgment,) That here are defined and created several distinct and separate offences; and that a warrant and complaint charging a violation of this section, must charge one only of said offences; or by use of the copulative *and,* instead of the statute word *or,* must charge affirmatively and positively a commission of each and all of the several offences specified in the warrant.

This was a complaint and warrant, carried by appeal from the Court of Magistrates of Providence, to the Court of Common Pleas, and brought to the consideration of this Court by exceptions taken to a ruling of that Court upon a motion in arrest of judgment.

The complaint was grounded on the fourth section of the act for the more effectual suppression of drinking houses and tippling shops, (P. L. p. 948,) which is as follows: " If any person shall at any time sell, or suffer to be sold by any person, any ale, wine, rum, or other strong or malt liquors, or any mixed liquors, a part of which is ale, wine, rum, or other strong or malt liquors, in violation of the provisions of this act," &c. The charge in the warrant was, that the defendant on a certain day, " did sell, or suffer to be sold, ale, wine, rum," &c. &c.,

(in the precise words of the act.)   After a verdict of guilty in the Court of Common Pleas, the defendant moved in arrest of judgment, because " said complaint is insufficient, defective, and uncertain in this, that said complaint charges the defendant with selling, *or* suffering to be sold, ale, wine, rum, *or* other strong *or* malt liquors; *or* mixed liquors, a part of which was ale, rum, wine, *or* other strong *or* malt liquor ; and does not distinctly and positively charge the defendant with the commission of any one particular and distinct offence."   This motion the Court (Justice SHERMAN) overruled, and the defendant filed exceptions to this Court.

*Burges* for defendant, in support of exceptions : 1. Under the section cited, to sell liquor, and to suffer liquor to be sold, are several and distinct offences : and further, to sell ale, is a distinct offence ; to suffer ale to be sold, is a distinct offence ; and so of the various other liquors and compounds enumerated : and this although *or* is the connective used in the statute.   1 Story's Rep. 307.  Act concerning crimes and punishments, Sec. 113 (Dig. 1844, 395.)   2. A warrant under the section cited should charge one offence only, or, if the prosecutor would convict a defendant of any one of the several offences created by the section, he should use the copulative *and* in place of the word *or :* for, 3dly, To charge several distinct offences in the alternative or disjunctive form, as in this warrant, has invariably been held a fatal defect in an indictment ; and this rule has always been regarded in the framing of indictments in this State, with the exception only of the few indictments under this act, found in the political year 1854–5.   That Justices of the Peace, in framing warrants under this law and other laws, have

almost invariably erred in this particular, must be regarded in this Court as an immaterial fact. 2 Hawkins 320, sec. 58, c. 25; *King v. Stocker* (5 Modern, 137;) 1 Salkeld, 342; Crown Circ. Comp. 40, sec. 79; Wharton's Crim. Law, 81; Archbold's Cr. Prac. 91; 4 Burrows, 2471;) *Commonwealth v. Gray et ux, MSS. Report, Sup. Ct. of Mass.*, (Oct. term, 1854, Norfolk county.) *State v. Smith*, (19 Conn. 493.)

*Hart, Attorney General,* for the State, conceding that the general principles of criminal pleading were as maintained by the exceptant, contended, 1. That the said fourth section of the statute defined and described but a single offence, viz. the selling or suffering to be sold of any one or more of the kinds of liquor therein enumerated. *Stevens v. Commonwealth,* (6 Met. 241.) But if not sustained in this construction, he contended, 2. That a distinction is to be made between indictments for common law offences, and magistrates' warrants grounded on statutory enactments; and that in a practical view, whether *and* or *or* is used, is of no imaginable importance. *Rex v. Middlehurst,* (1 Burrows, 399.) 3. That the fourteenth section of the act cited, clearly contemplates that a defendant may be charged, in one warrant, with a sale of the different kinds of liquor enumerated. 4. That to describe an offence in the words of the statute creating it, is sufficient in informations and in proceedings before magistrates, and that the inclination of Courts in later years has been to relax the strictness of common law rules of pleading in cases of statutory offences. *Whiting v. State* (14 Conn. 487); *Barth v. State* (18 Conn. 432.) And 5. That inasmuch as for a long series of years, the practice of Justices throughout the

State *v.* Joseph Colwell.

State, under statutes of this description, had been to charge offences as in the warrant now excepted to, this warrant must be held sufficient here, however such a warrant might be held in any other State. *Commonwealth v. Odlin* (23 Pick. 275.)

STAPLES C. J. delivered the opinion of the Court, in which the two points made in support of the exceptions were treated of, and the Court's conclusions concerning them embodied.

The section of the act cited and discussed, it was said, must be construed to create and define several distinct offences, and not one offence only, as contended on behalf of the government: for in structure and phraseology it was in all essentials identical with certain sections of former acts relating to the same subject, which the Court had uniformly regarded as defining several offences. And as to the manner and form of charging an offender under such a section, it was said, that in view of the authorities cited, especially of the MSS. case from Massachusetts, the case from Connecticut, 4th Burrows and Hawkins, the Court could not but hold that it is essential to employ the copulative *and,* and that the use of the disjunctive *or,* as in the warrant excepted to, is an error, which, on a motion in arrest, the Court must adjudge a sufficient ground for the motion.

*Exceptions sustained.*